SUN INTERNATIONAL LTD.,
Petitioner-Appellant,

v.

TERRABO PETROLEUM COMPANY LTD., Respondent-Appellee.

No. 51, Docket 84-7353.

United States Court of Appeals, Second Circuit.

Argued Sept. 19, 1984.

Decided Oct. 29, 1984.

John M. Delehanty, New York City (Parker Auspitz Neesemann & Delehanty, P.C. and Martin S. Himeles, Jr., New York City, on brief), for petitioner-appellant.

Dennis G. Jacobs, New York City (Simpson Thacher & Bartlett, and Thomas C. Rice, New York City, on brief), for respondent-appellee.

Before VAN GRAAFEILAND and CARDAMONE, Circuit Judges, and Mac-MAHON, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

Sun International Ltd. ("Sun") appeals from a judgment of the United States District Court for the Southern District of New York (Knapp, J.) dismissing Sun's petition to compel Terrabo Petroleum Company Ltd. ("Terrabo") to arbitrate a dispute arising out of an alleged contract for the sale by Sun to Terrabo of 30,000–40,000 metric tons of kerosene. For reasons that follow, we affirm.

Sun is a Bermuda corporation that sells petroleum products wholesale. Terrabo is a Hong Kong corporation that buys such products for resale. During 1982, Terrabo's principal customer was Pertamina, the national oil company of Indonesia. A one-year contract between Terrabo and Pertamina called for monthly deliveries of kerosene. Product quality was to be in accordance with Pertamina's specifications, and, in case of C & F (cost and freight) delivery, inspection as to quantity/quality was to be made at the Indonesian port of discharge.

Terrabo was a relatively small company, and the sales to Pertamina involved substantial amounts of money. Accordingly, the letters of credit that Terrabo was able to secure from its bank for Terrabo's purchases on behalf of Pertamina were conditioned upon presentation by the beneficiary of a certificate of quality issued at the port of discharge whenever such certificate was required by Pertamina and for the production of original documents of title and other shipping documents.

In September of 1982, agents of Sun and Terrabo orally negotiated for two shipments of kerosene intended for resale to Pertamina and delivery at Indonesian ports. Although Sun's agent was familiar with Pertamina's requirement that inspection take place at the port of discharge, Sun sent telexes assertedly confirming the oral negotiations, stating that inspection would take place at the port of loading. The telexes also provided that, in case original documents were delayed, a letter of indemnification from Sun would be acceptable in their place. Terrabo accepted the terms of Sun's telexes. However, the letters of credit that it thereafter submitted did not conform to those terms, and Sun refused to accept them. As a result, the shipments were delayed, and one shipment had to be resold to another purchaser in Singapore. Terrabo's resultant damages were approximately $800,000.

While the parties were disputing the payment and inspection terms of the two September agreements, and demurrage was accruing on the delayed shipments, the parties orally negotiated for two more shipments. The district court found that their agents conducted the negotiations with full awareness of the existing dispute. Despite this awareness, Sun's agent testified that inspection and payment terms were not discussed. Terrabo's representative testified, however, that he told Sun's agent the terms of the letter of credit would have to be complied with so that there would be no repetition of the problems that had arisen with regard to the first two shipments. Nonetheless, Sun again sent allegedly confirmatory telexes calling for inspection at the port of loading and payment on presentation of a letter of indemnification. The district court found that neither of these telexes was accepted.

The parties were unable to agree on payment arrangements for the third shipment, and the shipment was cancelled. However, because Sun was unable to profitably dispose of the kerosene covered by the fourth shipment, it insisted that Terrabo accept the shipment in accordance with the terms of Sun's telex. This demand was refused. Although it is undisputed that the parties did not include the subject of arbitration in

* Of the United States District Court for the Southern District of New York, sitting by designation.

any of their negotiations, each of Sun's confirmatory telexes contained a provision for arbitration. Relying on those provisions, Sun demanded arbitration of the disputes concerning the first, second, and fourth shipments. The dispute as to the first two shipments was compromised. The district court held that, because there was no meeting of the minds concerning essential terms for the fourth shipment, there was no contract and therefore no requirement to arbitrate.

Sun concedes, as it must, that the question whether an agreement had been reached concerning the fourth shipment was one of fact. *Great Circle Lines, Ltd. v. Matheson & Co., Ltd.*, 681 F.2d 121, 125 (2nd Cir.1982). Sun contends, however, that the district court erred as a matter of law in looking to the parties' subjective intent on this issue rather than the objective evidence of such intent. *See Pan American World Airways, Inc. v. Aetna Casualty & Surety Co.*, 505 F.2d 989, 1003 (2nd Cir.1974). Sun misconstrues the district court's findings. The district court found that both negotiating agents thought their oral negotiations had resulted in a contract. However, since the district court also found that there was no contract, it is quite obvious that its decision was not based on the agents' subjective thoughts. The fact, as the district court found it, was that the parties had not agreed.

The district court's use of the phrase "meeting of the minds" does not mean that it used a subjective criterion of judgment in reaching this conclusion. *See Flower City Painting Contractors, Inc. v. Gumina Construction Co.*, 591 F.2d 162, 164 (2nd Cir.1979). Indeed, Sun's contention that the district court was required to find that a contract existed on either Sun's terms or Terrabo's terms indicates that Sun, rather than the district court, is relying upon the agents' subjective beliefs that an agreement had been negotiated.

Sun's argument that the district court might have found that an agreement had been reached incorporating the payment and inspection terms proposed by Terrabo is disingenuous. To insure Sun against loss or deterioration of cargo while en route to destination, its "required format" called for inspection at the port of loading. To insure that it received prompt payment in the event that the production of original documents was delayed, Sun's required format permitted it to substitute letters of indemnification for such documents. On November 29, 1982, twenty-eight days after Sun's unaccepted telex covering the fourth shipment would have required Terrabo to open a letter of credit, Sun sent Terrabo a telex insisting that Terrabo furnish a letter of credit conforming to Sun's required format. Moreover, in Sun's Demand for Arbitration and Notice of Intent to Arbitrate, which began this litigation, Sun still was insisting that the alleged contract for the fourth shipment required the letter of credit to be "in a form and at a bank acceptable to Sun."

We find no merit in Sun's alternative argument that, if neither port-of-loading inspection nor the use of a letter of indemnification was in fact discussed, because of the prior dealings between the parties, the district court should have treated Sun's required format as if it had been agreed upon. Where, as here, the prior dealings have resulted in substantial controversy—a controversy that, before its compromise, was part of the very lawsuit being decided by the district court—it would be strange indeed if the court read the controversial provisions into the parties' later negotiations so as to make them part of a binding contract.

The district court did not err in concluding that there was no contract between the parties for a fourth shipment. This being so, Terrabo was not required to arbitrate. *Interocean Shipping Co. v. National Shipping & Trading Corp.*, 462 F.2d 673, 676 (2nd Cir.1972).

The judgment of the district court is affirmed.